**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4678**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

XAVIER RAMONE JUDD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:17-cr-00413-D-1)

Submitted:  May 30, 2019                                          Decided:  June 7, 2019

Before THACKER and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Nicholas J Regalia, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xavier Ramone Judd pled guilty, without a plea agreement, to possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1), 924 (2012). The district court imposed an upward variant sentence of 36 months' imprisonment. On appeal, Judd argues that the district court failed to address his arguments in favor of a within-Guidelines sentence and he challenges the reasonableness of his sentence. We affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range" for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United State*s, 552 U.S. 38, 41 (2007); *see United States v. King*, 673 F.3d 274, 283 (4th Cir. 2012). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. Only after determining that the sentence is procedurally reasonable do we consider whether the sentence is substantively reasonable, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.*

I.

Judd first argues that his sentence is procedurally unreasonable because the district court, after stating that it was considering an upward variance, did not address his non-frivolous reasons presented for imposing a sentence within the advisory Guidelines range. During the sentencing hearing, Judd argued that a within-Guidelines range sentence was appropriate because none of the enhancements under the firearm Guideline, U.S. Sentencing Guidelines Manual § 2K2.1 (2016) applied in his case—there was only one gun, it was not stolen, did not have an extended magazine or an obliterated serial number,

2

and it was not used in furtherance of another felony offense. He also asserted that he accepted responsibility quickly and cooperated with the prosecution, he was the caregiver for his children and for his cousin, and a within-Guidelines sentence would adequately meet the goals of sentencing.

"Under the law of this circuit a district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why he has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019). "The adequacy of the sentencing court's explanation depends on the complexity of each case. There is no mechanical approach to [this Court's] sentencing review. The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon the circumstances." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (internal quotation marks omitted). Where the context and the record make clear that the court considered a party's argument, the sentencing court has fulfilled its sentencing obligations. *See United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007).

Our review of the sentencing hearing transcript makes clear that the district court did address or consider all of Judd's arguments. The court acknowledged Judd's support of his family, but stated that Judd "engaged in this behavior notwithstanding the people in [his] life who did care about [him]." J.A. 101.[1] Also, although Judd argued that he "accepted responsibility quickly," *id.* at 93, the district court expressed concern that,

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

during the traffic stop that resulted in the discovery of the firearm and Judd's arrest on the underlying charge,[2] Judd encouraged the driver to drive away from the traffic stop. When this failed, Judd attempted to walk away from the traffic stop and then resisted arrest. Moreover, the fact that Judd's offense conduct did not result in enhancements under the Sentencing Guidelines is not relevant to the district court's determination of whether the 18 U.S.C. § 3553(a) (2012) factors warranted a variance from the properly computed advisory Guideline range. Lastly, although Judd argued that a within-Guidelines sentence was appropriate, the district court expressly disagreed, determining that a sentence above the advisory Guidelines range was appropriate in this case. We conclude that the district court appropriately considered Judd's arguments in favor of a lesser sentence. *See Moulden*, 478 F.3d at 657.

## II.

Judd next challenges the substantive reasonableness of his sentence. In reviewing a sentence outside the Guidelines range, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "While a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (citation and internal quotation

_____

[2] Judd was a passenger in the stopped vehicle.

4

marks omitted). "[W]e must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Pauley*, 511 F.3d 468, 473–74 (4th Cir. 2007) (internal quotation marks omitted).

We conclude that Judd's sentence is substantively reasonable. The district court identified two essential bases to support the variance—Judd's prior history and the seriousness of the offense conduct, including Judd's attempt to evade apprehension and resisting the officers. Given the significant deference accorded to the sentencing court's analysis, *see United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (recognizing district court's "extremely broad discretion" in weighing § 3553(a) factors), we find that the district court did not abuse its discretion in concluding that Judd "need[s] to be incapacitated more than the advisory Guidelines suggest in this case." J.A. 101. Accordingly, we conclude that Judd's 36-month upward variant sentence is substantively reasonable.

III.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*